NO. 07-03-0307-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MAY 2, 2005


______________________________



MABEL WALTER ROGERS, LARRY FRANK WALTER, co-trustee, ROBERT 


 WAYNE VEIGEL, co-trustee, DOROTHY ANN VEIGEL OSWALD 


and JO ANN VEIGEL EUDY, 



 Appellants


v.





IN RE: ARDELLA VEIGEL INTER VIVOS TRUST NO. 2, 

 AMARILLO NATIONAL BANK, AMARILLO, TEXAS, co-trustee, 


 Appellees

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 84,743-E; HON. ABE LOPEZ, PRESIDING


_______________________________



On Motion for Rehearing


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Pending before us is the motion for rehearing of Mabel Walter Rogers, Larry Frank
Walter, co-trustee, Robert Wayne Veigel, co-trustee, Dorothy Ann Veigel Oswald, and Jo
Ann Veigel Eudy (collectively referred to as the Veigels). Though the Veigels asserted
several grounds in their motion, we address only one. It concerns our holding that
consideration of §114.061(b) of the Texas Property Code was moot. We so held because
the provision encompassed trusts, not life estates, and the wills in question created life
estates. Yet, on rehearing, the Veigels contend that they were also attempting to recoup
trustee's fees received by the bank from various inter vivos trusts. While this may have
been true when the parties were in the trial court, it is not true at bar. Their first issue
discussed §114.061(b) in relation to the testamentary trust supposedly created by Charles
Veigel. Nothing was said about the inter vivos trusts. Having omitted that argument from
their appellants' brief, they cannot now raise it on rehearing. Story Services, Inc. v.
Ramirez, 863 S.W.2d 491, 505-06 (Tex. App.-El Paso 1993, writ denied) (holding that new
issues or points of error cannot be raised on a motion for rehearing).

 Accordingly, the motion for rehearing is denied.


 Per Curiam (1)

 
1. Chief Justice Johnson did not participate in this opinion.



coration: underline">Anders brief and motion to withdraw and appropriately advised
appellant of his right to file a pro se response in this matter. Stafford v. State, 813 S.W.2d
503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of his right to file a
pro se response. Appellant has in fact filed a response and further filed a document he
denominates as an application for writ of habeas corpus. 
          We have made an independent review of the entire record to determine whether
there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005). We have found no such grounds. 
          Additionally, we have reviewed appellant’s pro se response and other documents
appellant has filed in connection with this case. All of the purported arguable grounds put
forth by appellant would have this court go behind the governor’s warrant. The record
before us contains no irregularities and, as such, is prima facie proof to the allegations
contained therein. Michigan v. Doran, 439 U.S. 282, 289, 99 S.Ct. 530, 58 L.Ed.2d 521
(1978). There was no contest at the writ hearing about the identity of appellant as the
person named in the governor’s warrant. Appellant alleges that he was not timely brought
before the trial court, alleging that more than 90 days transpired before the hearing on the
writ was conducted. See Tex. Code Crim. Proc. Ann. art. 51.07 (Vernon 2006). However,
appellant failed to take into consideration the provision that allows a person, once released
on bond under provisions of article 51.07, to be subsequently arrested upon the issuance
of a governor’s warrant. See Tex. Code Crim. Proc. Ann. art. 51.08 (Vernon 2006). The
record affirmatively reflects that the above procedure was followed. Accordingly, we agree
with counsel that the appeal is frivolous.
          Therefore, we grant counsel’s motion to withdraw and affirm the order of the trial
court. 
 
                                                                           Mackey K. Hancock

                                                                                      Justice

  









Do not publish.